UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**EMMETT CALDWELL,**

    Plaintiff,

v.                                              Case No. 2:22-cv-128-JLB-KCD

**STATE OF FLORIDA,,**
**FLORIDA ATTORNEY GENERAL,,**
**FLORIDA DEPARTMENT OF INSURANCE,,**
**FLORDA DEPARTMENT OF PROFESSIONAL ADMINISTRATION,** and
**ATTORNEY GENERAL PAM BONDI,**

    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff Emmett Caldwell sues various government officials for allegedly obstructing his efforts to purchase property in Fort Myers. (Doc. 1 at 1-2.) Although not entirely clear, he also appears to challenge several Florida Statutes under the Fourteenth Amendment. (*Id.*) For the reasons discussed below, this case should be dismissed without prejudice.

Plaintiff is no stranger to this courthouse. He has filed at least four cases about the same piece of property. *See* 2:15-cv-00544-SPC-CM, 2:18-cv-00033-JES-CM, 2:20-cv-00238-SPC-MRM, 2:22-cv-00215- SPC-MRM. Despite his undeniable familiarity with civil litigation, Plaintiff has done little to advance

this case forward. Instead, he has ignored the Court's orders (Doc. 6) and failed to update his address.

To prosecute an action in federal court, a pro se plaintiff must provide and maintain an address where he will receive notices and orders. *See* Fed. R. Civ. P. 11(a). The reason for this rule is obvious—a case cannot proceed when a party is unreachable. The last order sent to Plaintiff came back undeliverable. Thus, as it stands, the Court has no mechanism to communicate with Plaintiff. Plaintiff's failure on this front is alone grounds for dismissal. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint").

But that is not all. Plaintiff also failed to file an amended complaint as ordered. (*See* Doc. 6.) While pro se parties are afforded considerable leeway, they cannot ignore the Court's directives. Rule 41(b) permits the involuntary dismissal of a petitioner's claims where, as here, he has failed to follow a court order. Fed. R. Civ. P. 41(b); *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005).

Given these deficiencies, it is recommended that the Court dismiss Plaintiff's case without prejudice for failure to prosecute. *See Portnoy v.*

*Safeguard Properties, LLC,* No. 5:19-cv-407-OC-30PRL, 2020 WL 7496409 (M.D. Fla. Mar. 17, 2020) (dismissing pro se complaint on similar facts).

**Recommended** in Fort Myers, Florida on July 19, 2022.

Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**

3